OGAWA, LAU, NAKAMURA & JEW
Attorneys at Law
A Law Corporation

MICHAEL F. O'CONNOR   1098-0
Ocean View Center
Suite 600
707 Richards Street
Honolulu, HI 96813
Telephone Number: (808) 533-3999
mfoconnor@ollon.com

Attorneys for Plaintiff
FEDERAL INSURANCE COMPANY,
an Indiana company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana company,<br><br>Plaintiff,<br><br>vs.<br><br>NOAH JEROME YAMADA, LARRICK KAPULE EUBANK, DERRICK RALAR, and MANULI'I AKANA,<br><br>Defendants. | Civil No.<br>(Other Tort Action)<br><br>**COMPLAINT; SUMMONS** |

7205-004

## COMPLAINT

Plaintiff Federal Insurance Company, an Indiana company, for a Complaint

against Noah Jerome Yamada, Larrick Kapule Eubank, Derrick Ralar, and Manuli'i Akana, alleges and avers as follows:

## I. **THE PARTIES**

1. Federal Insurance Company, (hereinafter "Federal") is an Indiana company that is authorized to do business in the State of Hawaii.

2. Federal issued Policy No. 8165-4525, entitled "Fore Front Portfolio 3.0", to T.S. Aloha, Inc. that covered losses that were incurred during the period of 2015 through April 2, 2018 and Federal is the subrogee of TS Aloha, Inc. for claims that TS Aloha, Inc. has against Noah Yamada, Larrick Kapule Eubank, Derrick Ralar and Manuli'i Akana.

3. T.S. Aloha, Inc. employed Noah Jerome Yamada (hereinafter "Yamada") between the years 2015 and April 2, 2018, in which period Yamada served as the General Manager of Duke's Maui.

4. Yamada is now and has been at all relevant times a resident of Maui, State of Hawaii.

5. Larrick Kapule Eubank (hereinafter "Eubank") is now and has been at all relevant times a resident of Maui, State of Hawaii.

6. Derrick Ralar (hereinafter "Ralar") is now and has been at all relevant times a resident of Maui, State of Hawaii.

7. Manuli'I Akana (hereinafter "Akana") is now and has been at all relevant times a resident of Maui, State of Hawaii.

## II. JURISDICTION

8. This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1332, as amended, because there is complete diversity of citizenship exists between the parties to the case.

9. The amount in controversy exceeds $75,000.

## III. BACKGROUND

10. Yamada was the employee of TS Aloha, Inc. during the period of 2015-April 2, 2018 and served as the General Manager of a restaurant owned by T.S. Aloha, Inc. called Duke's Maui.

11. Duke's Maui is located in the Honua Kai Resort which is in Lahaina, Maui, Hawaii.

12. Between 2015 and April 2, 2018 Yamada stole and/or embezzled and/or converted at least $497,161.25 from TS Aloha, Inc. by using various tactics to obtain monies and property from TS Aloha, Inc., including but not limited to:

    A. Making orders from vendors, cancelling the orders and receiving reimbursement from Duke's Maui.

 B. Claiming a reinmbursement from Duke's Maui for orders that were not placed by Yamada or for items that were never received by Duke's Maui.

 C. Paying vendors for services not performed and/or for products not delivered.

 D. Making fictitious invoices in order to receive reimbursement for items Yamada did pay for.

 13. Based upon investigation made by Federal, Federal learned that at least three other persons conspired with and/or colluded with and/or participated in Yamada's criminal conduct and received vendor payments from Duke's Maui for services that were not provided to Duke's Maui.

 14. The records from the investigation reflect that Eubank wrongfully received over $60,000 for services not provided to Duke's Maui, that Akana received over $60,000 for services not provided to Duke's Maui and that Ralar received over $40,000 for services not provided to Duke's Maui. The exact amount of the monies received will be proven at trial.

 15. As a result of the criminal conduct of Yamada, Eubanks, Ralar and Akana, Federal paid $472,161.25 to TS Aloha, Inc. (including deductible of $25,000) and will pursue these claims against Yamada, Eubanks, Ralar and Akana.

## IV.  THEFT

16.  Federal realleges all preceding paragraphs 1 through 15 above as though fully set forth herein.

17.  Between 2015 and April 2, 2018 Yamada, Eubanks, Ralar and Akana committed theft of the property and services belonging to TS Aloha, Inc. by taking said property and services without TS Aloha, Inc.s consent or knowledge

18.  Yamada is liable to Federal for the sum of $497,161.25 because of his theft and Eubanks, Ralar and Akana are liable to Federal for whatever sums that they obtained through the theft that will be proven at trial.

## V.  EMBEZZLEMENT AND/OR EMPLOYEE THEFT

19.  Federal realleges all preceding paragraphs 1 through 18 above as though fully set forth herein.

20.  Between 2015 and April 2, 2018 Yamada intentionally misapproiated monies and property that were entrusted to his care by TS Aloha, Inc.

21.  Yamada was a trusted employee of TS Aloha, Inc. and acquired monies and/or property of TS Aloha, Inc. as a trusted employee.

22.  Yamada took wrongful ownership of monies and/or property of TS Aloha, Inc. and/or wrongfully appropriated or intentionally transferred the monies and/or property to himself, Eubank, Ralar and Akana.

23. Yamada is liable to Federal for all monies and property embezzled or wrongfully misappropriated from TC Aloha, Inc. between 2015 and April 2, 2018 and Eubank, Ralar and Akana are liable to Federal for monies and property wrongfully received by them.

## VI. CONVERSION

24. Federal realleges all preceding paragraphs 1 through 23 above as though fully set forth herein.

25. Between 2015 and April 2, 2018 Yamada took, with the intent to obtain ownership, TS Aloha, Inc.'s monies and property inconsistent with TS Aloha, Inc.'s right to possession of said monies and property.

26  Federal claims that Yamada wrongfully converted $497,161.25 of TS Aloha, Inc.'s monies and property.

## VII. UNJUST ENRICHMENT

27. Federal realleges all preceding paragraphs 1 through 26 above as though fully set forth herein.

28. In the event that the Court does not find that Yamada, Eubank, Ralar and/or Akana are liable to Federal for theft or embezzlement or conversion, Yamada, Eubank, Ralar and Akana were unjustly enriched in the amounts to be

proven at trial.

29. Between 2015 and April 2, 2018 Yamada, Eubank, Ralar and Akana received monies and property from TS Aloha, Inc. and accepted and retained monies and property and said acceptance and retention of the monies and property was inequitable to TS Aloha, Inc.

30. Yamada, Eubank, Ralar and Akana have been unjustly enriched at the expense of TS Aloha, Inc.

## VIII. BREACH OF FIDUCIARY DUTY

31. Federal realleges all preceding paragraphs 1 through 30 above as though fully set forth herein.

32. Yamada, between 2015 and April 2, 2018 was general manager of TS Aloha, Inc.'s restaurant Dukes Maui.

33. Yamada, as a general manager, was responsible for vendor interactions and handling payments and services provided by the vendors. Yamada had check writing authority.

34. The evidence produced shows that Yamada blatantly breached his fiduciary duty to TS Aloha, Inc. by claiming reimbursement for monies not due, making fictitious invoices and paying his friends for services not performed.

35. As a direct result of Yamada's breach of fiduciary duty to TS Aloha, Inc., TS Aloha, Inc. lost possession of $497,161.25 of monies on property.

## BREACH OF EMPLOYMENT CONTACT

36. Federal realleges all preceding paragraphs 1 through 35 above as though fully set forth herein.

37. The aforementioned theft and/or embezzlement and/or conversion of monies and properties of Yamada from TS Aloha, Inc. violated Yamada's employment contract with TS Aloha, Inc.

38. As a result of Yamada's material breach of his employment contract with TS Aloha, Inc. TS Aloha, Inc. sustained damages in the amount of $497,161.25.

39. TS Aloha, Inc. performed all of its obligations to Yamada as Yamada's employer.

40. Federal, as subrogee to TS Aloha, Inc. has the right to recover the sum of $497,161.25 from Yamada.

WHEREFORE, Federal requests that the Court enter the following Judgment against Yamada, Eubank, Ralar and Akana as follows:

1. That Federal be awarded Judgment against Yamada is the amount of $497,161.25.

2. That Federal be awarded Judgment against Eubank for whatever monies that are proven at trial to have been illegally received by Eubank.

3. That Federal be awarded Judgment against Ralar for whatever monies that are proven at trial to have been illegally received by Ralar.

4. That Federal be awarded Judgment against Akana for whatever monies that are proven at trial to have been illegally received by Akana.

5. That Federal be awarded reasonable attorney's fees and costs incurred herein.

6. That Federal be awarded whatever relief that is just and reasonable.

DATED: Honolulu, Hawaii, March 19, 2020.

/s/Michael F. O'Connor
MICHAEL F. O'CONNOR

Attorneys for Plaintiff
FEDERAL INSURANCE
COMPANY, an Indiana company

HID 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Hawaii

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana company <br> *Plaintiff* <br> v. <br> NOAH JEROME YAMADA, LARRICK KAPULE EUBANK, DERRICK RALAR and MANULI'I AKANA <br> *Defendant* | ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   NOAH JEROME YAMADA, 82 Ikaika Pl, Lahaina

LARRICK KAPULE EUBANK, 5128 Lower Honoapiilani Rd, Lahaina

DERRICK RALAR, 2361 Kamaile St, Wailuku

MANULI'I AKANA, 5444 A. Lower Honoapiilani Rd, Lahaina

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MICHAEL F. O'CONNOR, ESQ.
Ogawa Lau Nakamura & Jew
707 Richards Street, Suite 600
Honolulu, Hawaii 96813

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: